## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ANASTACIO BALDERAS,**

    **Plaintiff,**

**vs.**                                                                                                          **Civ. No. 09-632 WJ/RLP**

**CFI, KNIGHT, ENGLAND, JB HUNT,**
**SWIFT TRANSPORT, RUSSELL TRANSPORT,**

    **Defendants.**

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION [1]

This matter comes before the Court on Plaintiff's Motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915. (Docket No. 3). The evaluation of this motion includes consideration of whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B); see Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991). Dismissal of a complaint under 28 U.S.C. §1915(e) is appropriate only if, accepting as true all facts alleged, Plaintiff has not plead enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Plaintiff appears *pro se.* Accordingly, the court must construe his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). However, the court should not be the *pro se* litigant's advocate. See Hall, 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170,

---

[1] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by within ten (10) days of service of this Report and Recommendation, in accordance with 28 U.S.C. § 636. The failure to timely object to this Report and Recommendation waives appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir.1991).

1173-1174 (10th Cir.1997).

Plaintiff alleges that Defendants published defamatory information about him[2], thereby violating his civil liberties and constitutional rights pursuant to 42 U.S.C. §1983. After liberally construing the Complaint, I find that the relief sought by Plaintiff is improperly brought under 42 U.S.C. § 1983, and therefore recommend that Plaintiff's Complaint be dismissed without prejudice.

Section 1983 provides a cause of action against state officials for a violation of a plaintiff's

---

[2]Plaintiff attached to his Complaint a computer printout indicating that the following information was provided by Defendants to HireRight/DAC Trucking:

| Company | Period of service | Eligible for rehire | Reason for leaving | Work Record | Accidents | Drug results disclosure |
|---|---|---|---|---|---|---|
| Swift Transportation | 1/2006 - 6/2006 | No | Resigned, quit or Driver terminated lease | Satisfactory | DOT: 0 non DOT: 0 | |
| JB Hunt Transportation | 7/2006 - 7/2006 | Review required before rehire | Discharged or company Terminated lease | Quit/ dismissed during training, orientation | DOT: 0 non DOT: 0 | |
| CR England Inc | 7/2006 - 5/2007 | Review required before rehire | Resigned, quit or driver terminated lease | Other | DOT: 0 non DOT: 0 | preemploy-ment screening |
| Knight Transportation | 7/2007 - 11/2007 | No | Discharged or company terminated lease | Company Policy Violation | DOT: 0 non DOT: 0 | |
| Contract Freighters Inc. | 1/2008 - 4/2008 | Review required before rehire | Discharged or company terminated lease | Company Policy Violation | DOT: 0 non DOT: 1 | |

constitutional rights. <u>Becker v. Kroll</u>, 494 F.3d 904, 914 (10th Cir.2007). To state a claim, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>Anderson v. Suiters</u>, 499 F.3d 1228, 1232-33 (10th Cir.2007).

The defendants are trucking companies who employed Plaintiff in the past. There is no allegation that any defendant is a state actor, or acted under color of state law. For that reason Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Recommended Disposition

Accordingly, it is recommended that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

_____<br>
Richard L. Puglisi<br>
United States Magistrate Judge